**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LORI FITZGERALD,<br><br>Plaintiff,<br><br>v.<br><br>CIRCLE INTERNET FINANCIAL, LLC,<br><br>Defendant. | No. 1:25-cv-12561-JEK |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**KOBICK, J.**

*Pro se* plaintiff Lori Fitzgerald brings this action against defendant Circle Internet Financial, LLC, the issuer of USD Coin ("USDC") cryptocurrency stablecoin, asserting claims for replevin and for constructive trust and equitable restitution. She seeks to recover 81,147 USDC that a hacker allegedly stole from her custodial wallet, formerly managed by crypto.com, and then transferred to another wallet address, where it remains. Pending before the Court is Circle's motion to dismiss for failure to state a claim. For the reasons that follow, the motion will be granted in part and denied in part. Fitzgerald fails to state a replevin claim under N.H. Rev. Stat. § 536-A:1 *et seq.* because she does not allege that Circle has wrongfully taken or detained her 81,147 USDC and instead improperly seeks the equivalent USDC value from Circle. But she states a viable equitable restitution claim under Massachusetts law by plausibly alleging that Circle has been unjustly enriched at her expense.

## BACKGROUND

The following facts, recounted based on the allegations in the amended complaint and documents attached to or sufficiently referenced therein, are assumed true for purposes of the motion to dismiss.

Circle issues USDC, a cryptocurrency stablecoin pegged to the U.S. dollar. ECF 38, ¶ 2. It maintains a reserve of USDC that is equal to or greater than the amount of USDC in circulation. *Id.* ¶ 25; ECF 38-2, at 2; ECF 38-3, at 1. Fitzgerald purchased 81,147 USDC and placed it in a digital wallet managed by crypto.com. ECF 38, ¶ 6. In August 2021, an unidentified hacker unlawfully accessed that wallet and transferred the 81,147 USDC to an external wallet address. *Id*. Three months later, in November 2021, the stolen USDC was transferred to another external wallet address, where it remains. *Id.*; ECF 38-1.

In October 2022, Fitzgerald emailed Centre Consortium—a self-governance consortium for USDC then jointly operated by Circle and Coinbase—asking whether it would "be able to issue [her] the USDC that was stolen [from] that wallet." ECF 38-1; ECF 38, ¶¶ 8-9, and at 7. Centre responded that, pursuant to its "Access Denial Policy, there are only limited circumstances in which Centre has legal authority to block a third-party address on a blockchain, which effectively restricts activity in that wallet (including freezing assets)." ECF 38-1; *see* ECF 38-2, at 1, 5 (observing that "Circle retains the power per its access deny policy . . . to freeze accounts" and "unilaterally control access to" tokens in those accounts (emphasis omitted)). For stolen funds, Centre wrote, it "would need a seizure order issued by a U.S. court" for it to "direct the blocking of a third-party address" and for Circle to "release the USDC reserves." ECF 38-1. As Centre recommended, Fitzgerald sought assistance from local law enforcement officers to obtain the requisite seizure order, but they refused to assist her "due to their lack of knowledge in the matter."

ECF 38, ¶ 10; *see* ECF 38-1. After Centre dissolved, Circle assumed its responsibilities. ECF 38, ¶ 9.

In August 2024, Fitzgerald filed a replevin action against Circle in the Belknap County Superior Court. *Id.* ¶ 11; ECF 1-1. That court issued an order "restrain[ing] [Circle] from removing [Fitzgerald's] property," including "transferring, selling, pledging or assigning or damaging, [or] disposing of" the disputed property. ECF 1-1, at 2; *see* ECF 38, ¶ 12. Circle complied with that order by issuing an access denial—an action that effectively freezes or blacklists the funds and prevents their transfer—over the external wallet. ECF 38, ¶ 12.[1]

In September 2024, Circle removed the case to the U.S. District Court for the District of New Hampshire. ECF 1. Circle moved to dismiss for lack of personal jurisdiction the next month. ECF 8. In September 2025, Fitzgerald filed a motion to transfer venue pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a). ECF 19. That same month, the District of New Hampshire granted the motion based on the parties' agreement, without specifying which statute applied, and transferred the case to this Court. ECF 21, at 5.

Fitzgerald filed an amended complaint in November 2025. ECF 38. She asserts claims for replevin under N.H. Rev. Stat. ("RSA") § 536-A:1 *et seq.* (Count I) and for equitable restitution and constructive trust (Count II). *Id.* ¶¶ 20-33. She also requests that Circle "release the reserves" and re-mint the equivalent 81,147 USDC that a hacker stole from her crypto.com account. *Id.* at 7.

---

[1] Circle represents this "access denial remains in place today." ECF 46, at 6. Counsel for Circle also confirmed at the hearing that the alleged hacker's account will stay blacklisted or frozen until the New Hampshire Superior Court amends its order, even if this Court were to dismiss the action. ECF 67, at 36:5-37:18.

In January 2026, Circle moved to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 45. Following the parties' further briefing on that motion, the Court held a hearing and took the motion under advisement. ECF 47-48, 51, 66.

**STANDARD OF REVIEW**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court liberally construes Fitzgerald's *pro se* amended complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

**I. <u>Replevin Claim.</u>**

Count I asserts a claim of replevin under RSA § 536-A:1 *et seq.*[2] Pursuant to that statute, Fitzgerald "may recover possession of personal property wrongfully taken or detained by applying to the superior court . . . for a writ of replevin." RSA § 536-A:1. The amended complaint must state, among other things, that Fitzgerald "is the owner of the property claimed" and "[t]he manner

[2] Circle contends that either Massachusetts or New Hampshire law applies to the replevin claim. But by expressly invoking "RSA § 536[-A]:1 et seq." in the amended complaint, Fitzgerald made clear that this is a statutory, not common law, replevin claim under New Hampshire law. ECF 38, at 5.

in which the property is wrongfully detained by [Circle], the means by which [Circle] came into possession of the property and the cause of such detention." *Id.* § 536-A:2. Circle does not dispute that her stolen USDC constitutes "personal property" under the statute.

Even construing the amended complaint liberally, Fitzgerald fails to state a viable statutory claim for replevin against Circle. She alleges that a hacker, not Circle, "unlawfully accessed" and stole 81,147 USDC from her wallet. ECF 38, ¶ 6; *cf. Knapp v. Mahurin*, 72 N.H. 595 (1903) (plaintiff may assert replevin claim against defendant who "wrongfully took" the disputed property). Absent a "wrongful taking," the statute requires "a wrongful withholding" or "detention." *Peirce v. Finerty*, 76 N.H. 38, 79 A. 23, 24 (1911); *cf. Partridge v. Philbrick*, 60 N.H. 556, 558 (1881) (replevin claim prevailed where defendant "refused to return" the taken property, a horse). Fitzgerald makes no allegation that Circle wrongfully took, withheld, or detained her USDC. According to the amended complaint, Circle has "control over USDC issuance" and froze or blacklisted the hacker's wallet. ECF 38, ¶¶ 11-12. But Fitzgerald does not allege that Circle controls that wallet or is illegally detaining her stolen USDC. *See id.* ¶¶ 6-7.

Fitzgerald disagrees, contending that Circle has sufficient control over her stolen property, and is thus wrongfully detaining her funds, because it can "permanently blacklist the stolen USDC, remov[e] the stolen USDC from circulation, [and] allo[w] for the release of the reserves and the re-minting of the equivalent USDC in [her] custodial wallet." *Id.* ¶ 24. But replevin "is a proceeding *in rem*, wherein the plaintiff seeks to recover the thing detained *in specie*, and not . . . damages for its detention." *Mitchell v. Roberts*, 50 N.H. 486, 489 (1871); *see Burley v. Pike*, 62 N.H. 495, 497 (1883) ("For that portion of the grass which the defendant actually cut and carried away replevin will of course lie."). It allows for recovery of any "personal property wrongfully taken or detained." RSA § 536-A:1. A successful replevin claim would permit Fitzgerald to obtain

her stolen USDC from the hacker's wallet. But it could not, as she seeks through this argument, entitle Fitzgerald to the equivalent USDC value from Circle's separate funds. *See* ECF 38, at 7; *Archdiocese of San Salvador v. FM Int'l, Inc.*, No. 05-cv-237-JD, 2006 WL 437493, at *10 (D.N.H. Feb. 23, 2006) ("Because the Archdiocese seeks the recovery of money, rather than personal property, its complaint fails to state a claim for replevin."); 4 Gordon J. MacDonald, *New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure* § 18.01, at n.1 (4th ed. 2014). Because Fitzgerald fails to allege that Circle wrongfully took or detained her stolen 81,147 USDC and improperly requests that Circle pay her the equivalent amount from its own funds, her statutory claim for replevin must be dismissed.

## II. <u>Constructive Trust and Equitable Restitution Claim.</u>

Count II asserts a claim for constructive trust and equitable restitution. A threshold issue is whether the law of New Hampshire or Massachusetts applies to this claim. Fitzgerald's motion to transfer invoked 28 U.S.C. § 1406(a) for improper venue or, alternatively, 28 U.S.C. § 1404(a) for the convenience of the parties. ECF 19. The U.S. District Court for the District of New Hampshire granted the motion based on the parties' agreement without specifying which statute applied. ECF 21, at 5. In a diversity case like this, the distinction ordinarily matters because "a federal court must apply the substantive law of the forum in which it sits." *Dykes v. DePuy, Inc.*, 140 F.3d 31, 39 (1st Cir. 1998). And while the state of the transferor court is the forum state for transfers under Section 1404(a), *AER Advisors, Inc. v. Fid. Brokerage Servs., LLC*, 921 F.3d 282, 289 (1st Cir. 2019), the state of the transferee court is generally considered the forum state for Section 1406(a) transfers, *Oldham v. Pennsylvania State Univ.*, 138 F.4th 731, 749 (3d Cir. 2025). *See* 14D Wright

& Miller's Federal Practice and Procedure § 3827 (4th ed.); 15 Wright & Miller's Federal Practice and Procedure § 3846 (4th ed.).

At the hearing on Circle's motion to dismiss, counsel for Circle represented that, at a September 2025 scheduling conference, the District Judge in New Hampshire appeared skeptical that the court had personal jurisdiction over Circle. ECF 67, at 8:24-9:19; *see* ECF 21, at 5. The District Judge expressed such skepticism notwithstanding the Magistrate Judge's report and recommendation that Circle's motion to dismiss for lack of personal jurisdiction be denied. ECF 67, at 9:21-10:1; ECF 14. In light of these representations, this Court understands that the District Judge transferred the case to this forum for improper venue under Section 1406(a), as opposed to the convenience of the parties under Section 1404(a). Since a transfer under Section 1406(a) renders Massachusetts the forum state, the law of the Commonwealth, not of New Hampshire, applies to Fitzgerald's claim for constructive trust and equitable restitution.[3]

In Massachusetts, equitable restitution is a valid claim—not merely, as Circle contends, a remedy. *See Lanier v. President & Fellows of Harvard Coll.*, 490 Mass. 37, 54 (2022) (recognizing an "equitable restitution claim"); *Santagate v. Tower*, 64 Mass. App. Ct. 324, 327 (2005) (same). A successful restitution claim requires "a person who has been unjustly enriched at the expense of another . . . to repay the injured party." *Matter of Sargent*, 496 Mass. 505, 515 (2025) (quotation marks and emphasis omitted). Such a claim is therefore, in effect, a claim for unjust enrichment. *See Sacco v. Circosta*, 93 Mass. App. Ct. 1113 (2018) (Rule 1:28 decision) (treating constructive trust claim as "a claim of unjust enrichment seeking the remedy of a constructive trust" (citing *Powers, Inc. v. Wayside, Inc. of Falmouth*, 343 Mass. 686, 694-95 (1962))). "Unjust enrichment is

[3] Fitzgerald asserted this claim in her amended complaint filed in this Court after raising only a replevin claim in her initial complaint filed in New Hampshire state court. *Compare* ECF 38, ¶¶ 20-33, *with* ECF 6-1, at 2.

the 'retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Columbia Plaza Assocs. v. Ne. Univ.*, 493 Mass. 570, 588-89 (2024) (quoting *Sacks v. Dissinger*, 488 Mass. 780, 789 (2021)). To sustain an unjust enrichment claim, Fitzgerald must allege that (1) "she conferred a measurable benefit on" Circle, (2) "she reasonably expected compensation from" Circle, and (3) Circle "accepted the benefit with knowledge of [her] reasonable expectation." *Id.* at 589.

Fitzgerald states a viable equitable restitution claim because she satisfies all three elements for unjust enrichment. First, Fitzgerald plausibly alleges that she conferred a measurable benefit upon Circle. That is so because, with the allegedly stolen USDC perpetually frozen in the hacker's wallet, Circle may be free to invest and earn interest on the reserves backing the 81,147 USDC without any obligation, in turn, to redeem the corresponding USDC. *See* ECF 38-3, at 4-5 & n.4 (indicating that Circle's reserve assets include "interest receivable or payable"). Second, Fitzgerald reasonably expected compensation because, in response to her question about whether she could obtain the allegedly stolen USDC, Centre told her that Circle, which later assumed Centre's operations, had the power to "release . . . the USDC reserves." ECF 38-1; *see* ECF 38, ¶ 9. And third, Circle has allegedly retained the benefit of 81,147 USDC in its reserves by not, despite Centre's representation, releasing those funds after freezing Fitzgerald's stolen USDC. *See* ECF 38-1; *see also* ECF 38, at 7 (requesting that Circle "release the reserves and . . . re-mint the 81,147 USDC to [Fitzgerald]"). These allegations are sufficient to make out an unjust enrichment claim. *See Ventura v. Circle Internet Fin., LLC*, No. N25C-01-109-CLS, 2025 WL 2390518, at *3 (Del. Super. Ct. Aug. 18, 2025) (denying motion to dismiss such a claim where Circle allegedly "benefits from the USDC sitting indefinitely in an inaccessible wallet because Circle earns interest on the corresponding reserve funds while never having to honor redemption requests").

Circle protests that, as "an innocent bystander," it never acquired anything from Fitzgerald, let alone improperly. ECF 46, at 15. But "liability for unjust enrichment . . . may extend to recipients who were not responsible for wrongful conduct," where "these so-called innocent parties have benefited directly due to the harm one person has tortiously perpetrated against another." *Sacks*, 488 Mass. at 790-91; *see GCP Newton GP, LLC v. Commonwealth Dev. LLC*, 105 Mass. App. Ct. 416, 421 (2025) (collecting such cases); *Cavadi v. DeYeso*, 458 Mass. 615, 627 (2011) ("[C]onstructive trust, implied by law as a result of . . . unjust enrichment, may be imposed . . . without proof of fraudulent intent."). While Circle did not steal Fitzgerald's USDC, it is allegedly benefitting from that misconduct because it can invest and earn interest on the corresponding reserve funds without having to redeem the USDC in the hacker's blacklisted wallet. *See Stevens v. Nagel*, 64 Mass. App. Ct. 136, 140-41 (2005) (reversing dismissal of unjust enrichment claim seeking restitution where plaintiffs alleged that their uncle received from their aunt "money that belonged to" them); *Southboro Med. Grp. v. Nelson*, No. 002090A, 2001 WL 293089, at *1 (Mass. Super. Feb. 26, 2001) (denying motion to dismiss such a claim where defendant's retention of money "would allow [him] to reap the benefits of a clerical error at the [plaintiff's] expense").

Relying on its USDC Terms, Circle also contends that Fitzgerald cannot redeem her USDC in part because she lacks a Circle account. Those Terms, however, are not incorporated by reference into the amended complaint. That pleading merely refers to Circle's Access Denial Policy, which appears to be separate from the USDC Terms. *See* ECF 38, ¶ 24. And even if Circle's USDC Terms were to be considered because they were attached to the initial complaint, they would not be determinative. *See* ECF 6-8. This is so because unjust enrichment "does not require any contractual or fiduciary relationship between the parties." *Greenwald v. Chase Manhattan Mortg. Corp.*, 241 F.3d 76, 78 n.1 (1st Cir. 2001) (citing *Flower v. Suburban Land Co.*, 332 Mass. 30, 33

(1954)). The relevant question is whether one party has been "'unjustly enriched at another's expense.'" *Flower*, 332 Mass. at 33 (quoting *Rabinowitz v. People's Nat. Bank*, 235 Mass. 102, 103 (1920)); *see Metro. Life Ins. Co. v. Cotter*, 464 Mass. 623, 643 (2013) ("Restitution is appropriate only if the circumstances of its . . . retention are such that, as between the two persons, it is unjust for one to retain it." (citation modified)). Because Fitzgerald plausibly alleges that Circle has been unjustly enriched at her expense, Count II will not be dismissed. *See Ventura*, 2025 WL 2390518, at *3 (rejecting dismissal of unjust enrichment claim as "premature" because factual discovery was required to determine, among other things, "whether Circle earns interests on reserves tied to USDC in dead wallets").

**CONCLUSION AND ORDER**

For the foregoing reasons, Circle's motion to dismiss, ECF 45, is GRANTED with respect to Count I and DENIED as to Count II.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2026